## Brashears' Heirs, By, et al  v. Brashears, et al.

(Decided September 20, 1911.)

### Appeal from Perry Circuit Court.

1. Contract—Breach—Petition.—A petition is bad which does not show a breach of the contract sued on.
2. Guaranty—Action—Petition—Demurrer.—In an action on a guaranty that a certain judgment would be paid, the petition not showing that the judgment was unpaid, the demurrer to it was properly sustained.

R. O. BRASHEARS for appellants.

W. H. MILLER and P. T. WHEELER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

This suit was filed by R. S. Brashears' heirs against R. H. Brashears and P. W. Hall. R. H. Brashears did not appear. Hall demurred to the petition; his demurrer was sustained. and the petition was dismissed as to him. The plaintiff appeals.

The facts stated in the petition are these: R. S. Brashears owned certain land at his death. In the year 1895 R. H. Brashears was cutting the timber from this land and the heirs of R. S. Brashears asserted title to the timber. A written contract was thereupon entered into, which was signed by R. H. Brashears, by which he agreed to pay them any judgment which they might recover against him in any action then pending or thereafter pending, the full amount of damages by reason of cutting the timber from the land, if it was determined to be their land, and to furnish them a statement of the timber cut from the land. To guarantee the performance of this contract by R. H. Brashears, P. W. Hall signed and delivered the following writing which was written on the same piece of paper and under the agreement which was signed by R. H. Brashears:

"Be it known that I, P. W. Hall of the County and State aforesaid, surety for R. H. Brashears of the foregoing agreement, do hereby guarantee the full payment of any judgment rendered in favor of the heirs of R. S. Brashears, estate, or personal representative Robert O. Brashears in the action instituted involving myself

with the Southern Lumber Company, and other defendants in the Perry Circuit Court, and I hereby undertake for surety that said sums or any amount adjudged in said action or any action hereafter instituted in said court for the timber shall be well and truly paid to the person or parties entitled to receive the same when the right to same is determined according to law, in the Perry Circuit Court.

This May 31, 1895.

P W. HALL."

The plaintiffs alleged in their petition that at the March term 1898 of the Pery Circuit Court, they obtained a judgment in that court by which it was determined that the land referred to was their property, and that this judgment has not been vacated, superseded or modified; that R. H. Brashears had cut a large number of trees from their land of the value of $4,944.57, and for this they prayed judgment against P. W. Hall.

This suit was brought on March 18th, 1909, or about thirteen years after the judgment was recovered. Whether Hall was released by limitation cannot be determined on a demurrer to the petition. Limitation must be pleaded. An action against a surety on a bond like this is barred if not begun within five years after the cause of action accrued, but it may be that for some reason the statute did not run, and these matters can only be presented when the statute is pleaded.

It remains to be determined whether the petition states a cause of action on the writing. It is elementary that a petition on a contract must set out the defendant's promise, and show a breach of that promise. Thus, in an action on a promissory note it must be alleged that the note is unpaid. The petition before us shows no breach of Hall's undertaking. By the writing he guaranteed the full payment of any judgment rendered in a certain action in favor of the heirs of R. S. Breashears and he undertakes as surety that any amount adjudged in that action or any action thereafter instituted shall be well and truly paid to the person entitled to receive it. It is not alleged that any judgment has been rendered in the Perry Circuit Court for any sum on account of the timber cut by R. H. Brashears, or that any judgment is unpaid. No facts are stated showing that there has been a breach of this contract.

Judgment affirmed.